UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YU GU**, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>**ALEJANDRO MAYORKAS**, *et al.*,<br><br>              Defendants. | Civil Action No. 19-cv-02496 (TSC) |

## MEMORANDUM OPINION

Plaintiffs Gu Yu, Zhao Tingting, Lin Jia Ru, and Mu Jiang all sought EB-1A immigrant visas as "aliens with extraordinary ability," pursuant to 8 U.S.C. § 1153(b)(1)(A). United States Citizenship and Immigration Services ("USCIS") denied each of their applications for a failure to meet the required regulatory standards. Plaintiffs jointly filed suit, alleging USCIS' denials of their visa petitions were arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 and 702 *et seq.* Each Plaintiff has moved for summary judgment. *See* Gu Mot. for Summ. J. ("Gu MSJ"), ECF No. 19; Zhao Mot. for Summ. J. ("Zhao MSJ"), ECF No. 26; Lin Mot. for Summ. J. ("Lin MSJ"), ECF No. 36; Mu Mot. for Summ. J. ("Mu MSJ"), ECF No. 41. Defendants have cross-moved for summary judgment as to each plaintiff. For the reasons explained below, the court will **DENY** Gu and Zhao's motions and **GRANT in part and DENY in part** Lin and Mu's motions. The court will **GRANT** Defendants' cross-motion as to Gu and Zhao and **DENY** the cross-motions as to Lin and Mu. The court will also **DENY** Gu's motion for leave to amend.

## I.  BACKGROUND

### A. Statutory and Regulatory Framework

The Immigration and Nationality Act ("INA") prioritizes immigrant visas for "aliens with extraordinary ability" in the sciences, arts, education, business, or athletics.  8 U.S.C. § 1153(b)(1)(A).  An immigrant is eligible for such a visa if

> (i)  the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,
>
> (ii)  the alien seeks to enter the United States to continue work in the area of extraordinary ability, and
>
> (iii)  the alien's entry into the United States will substantially benefit prospectively the United States.

*Id.*  The EB-1A visa is not meant to be a broad category and is "extremely restrictive by design." *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 131 (D.D.C. 2013).  Extraordinary ability visas are limited to the "small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2).

An alien seeking an extraordinary ability visa must file a *Petition for Immigrant Worker* Form I-140.  *Id.* § 204.5(a).  They need not present a prior offer of employment or a labor certification from the Department of Labor, *id.* § 204.5(h)(5), but must show with "clear evidence" that they are coming to the United States to work in their area of expertise.  *Id.*  That evidence may include "letter(s) from prospective employer(s), evidence of prearranged commitments such as contracts, or a statement" detailing how the petitioner intends to continue their work in the United States.  *Id.*

The petitioner further bears the burden of demonstrating their extraordinary ability with initial evidence in their visa petition. *Id.* § 204.5(h)(3).  They may do so by showing that they

have won some major, internationally recognized "one-time achievement;" e.g., a Nobel Prize. 8 C.F.R. § 204.5(h)(3); *Kazarian v. United States Citizenship and Immigration Servs.*, 596 F.3d 1115, 1119 (9th Cir. 2010) (citing H.R. Rep. No. 101-723 (I & II) (1990), *reprinted in* 1990 U.S.C.C.A.N. 6710, 6739. Alternatively, they may proffer evidence that they meet at least three of ten regulatory criteria. 8 C.F.R. § 204.5(h)(3)(i)-(x).

Should the USCIS find a petitioner's initial evidence insufficient, it may make a Request for Evidence ("RFE") for further information as to eligibility. *See* 8 C.F.R. § 103.2 (b)(8)(ii). That RFE will "specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial sufficient to give the applicant or petitioner adequate notice and sufficient information to respond." *Id.* § 103.2 (b)(8)(iv).

USCIS then makes a "final merits determination," weighing the totality of the evidence to see if the petitioner has demonstrated extraordinary ability. *See Visinscaia*, 4 F. Supp. 3d at 131. Plaintiffs contend that this final determination is an extra step, and that showing a one-time achievement, or three regulatory criteria establishes extraordinary ability. *See* Gu MSJ at 3-4 (quoting *Buletini v. INS*, 860 F. Supp. 1222, 1233-34 (E.D. Mich. 1994)). While the D.C. Circuit has not addressed this issue, the Ninth Circuit has endorsed the two-step test. *Kazarian*, 596 F.3d at 1121-22. Other courts in this District have employed this test, as shall this court. *See Visinscaia*, 4 F. Supp. 3d at 131; *Liu v. Mayorkas*, No. 20-cv-0704, 2021 WL 5578672 (D.D.C. Nov. 30, 2021); *Hamal v. United States Dep't of Homeland Sec.*, No. 19-cv-2534, 2020 WL 2934954 (D.D.C. June 3, 2020).

If a petition is denied, an applicant may either appeal or move to reopen the petition. 8 C.F.R. §§ 103.3, 103.5. The latter should be accompanied by new facts or evidence. *Id.* § 103.5(a)(2). USCIS may also reopen proceedings *sua sponte*. *Id.* § 103.5(a)(5).

B. **Parties**

   i.     *Gu Yu*

Plaintiff Gu Yu is a Chinese citizen who is a Professor and Head of the Department of Intelligent Science and Technology at the Beijing University of Science and Technology's School of Automation and Electrical Engineering. Gu MSJ at 5. He filed an I-140 petition on July 2, 2018, seeking classification "as an alien of extraordinary ability in the field of scientific research." *Id.* at 4. Gu claimed to meet the following criteria:

   (i)     receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

   (iii)     evidence of published material about him in professional or major trade publications or major media;

   (iv)     participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

   (vi)     evidence of the alien's authorship of scholarly articles in the field; and

   (viii)     performance of a leading or critical role for organizations or establishments that have a distinguished reputation.

*Id.* at 6.

On July 24, 2018, USCIS issued an RFE, seeking further evidence for Gu's claim under criteria (i), (iii), and (vii) and evidence that he had a "prearranged commitment for working in the field." *Id.* at 9-10. Gu responded on October 17, 2018, and USCIS denied his petition on October 25, 2018, finding that Gu met criteria (iv) and (vi), but failed to demonstrate (i), (iii), or (viii), and had not shown his intent to continue working in his field. *Id.* at 14; *see also* Oct. 25, 2018 Gu Decision, Gu J.A. at 40-41, ECF No. 50-1.

Gu filed a Motion to Reopen on November 27, 2018, challenging USCIS's determination as to criterion (iii) and his intent to continue working in the field. Gu MSJ at 14-15. USCIS denied that Motion on December 17, 2018 and affirmed its denial of Gu's petition. *Id.* at 16.

ii. *Zhao Tingting*

Plaintiff Zhao Tingting is a Chinese citizen. First Am. Compl. ¶ 297. As a fashion model, she won Miss World China 2005, and competed in the Miss World Global Pageant in 2005. Zhao MSJ at 4. She filed an I-140 petition on July 30, 2018, seeking classification as an alien of extraordinary ability in the field of modelling. *Id.* Zhao claims that winning Miss World China in 2005 is "by itself" the sort of "one-time achievement" that should qualify her for an EB-1A visa. *Id* at 4, 5. Her petition, however, also included evidence that she qualified for a visa based on the following criteria:

(i)   receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(iii) evidence of published material about her in professional or major trade publications or major media; and

(iv)  participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought.

*Id.* at 5-6.

USCIS issued an RFE on August 15, 2018 seeking further information as to how Zhao's entry would "substantially benefit prospectively the United States" and whether she would "continue to work in [her] claimed area of expertise," and more evidence as to criteria (i) and (iii). *Id.* at 7-8; *see also* Aug. 15, 2018 Zhao RFE, Zhao J.A. at 141-47, ECF No. 50-2. The RFE also questioned whether Miss World China 2005 was a sufficient "one-time achievement" to merit an EB-1A visa, though conceded that Zhao had met her burden on criteria (iv). Zhao MSJ at 7-8.

Zhao provided further evidence and argument that winning Miss World China was a sufficient achievement to alone merit an EB-1A visa, and that she also had met the standard for criteria (iii) and (iv). *Id.* at 11-13. Nonetheless, USCIS denied Zhao's I-140 petition, finding that she had failed to demonstrate that Miss World China was a qualifying one-time achievement, and that she had failed to show, per criterion (i), documentation of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor. *Id.*

    iii.    <u>Lin Jia Ru</u>

Plaintiff Lin Jia Ru is a Taiwanese citizen who resides in the United States. First Am. Compl. ¶¶ 130, 132. She is a graphic designer who works on packaging design for such companies as Gucci, Louis Vuitton, Coach, Zara, Nars, Comme des Garçons, and Tom Ford Beauty. Lin MSJ at 1. She filed an I-140 petition on March 21, 2019, seeking classification as an alien of extraordinarily ability in the field of packaging design. *Id.* at 4. Lin presently holds an O-1 visa, a non-immigrant analogue to an EB-1A visa. *Id.*; *see* 8 U.S.C. § 1101(a)(15)(O)(i).

Lin's I-140 petition sought an EB-1A visa based on the following criteria:

(i)     receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(iii)     evidence of published material about her in professional or major trade publications or major media;

(vii)     evidence of the display of the alien's work in the field at artistic exhibitions or showcases; and

(viii)     performance of a leading or critical role for organizations or establishments that have a distinguished reputation.

*Id.* at 5.

USCIS issued an RFE on March 26, 2019, seeking further information on how Lin's entry would "be advantageous and of use to the interests of the United States" and that she would continue to work in the field. *Id.* at 8. After Lin provided additional evidence, USCIS denied

her petition, *id.* at 8-9, finding that Lin had met all four of the regulatory criteria in her application, but that she had failed the second step—the final merits determination—because she failed to show that she "possesses the high level of expertise required" for an EB-1A visa. *Id.* at 9; July 3, 2019 Lin Decision at 39-40, ECF No. 50-3. It also found that she had neither demonstrated how she would continue to work in her field nor that her work would substantially benefit the United States. *Id.* at 41-42.

After this suit was filed, USCIS reopened Lin's I-140 petition and issued a new RFE. Lin MSJ at 13. The second RFE affirmed that Lin had met the standard for criteria (i) and (vii) but found (for the first time) that she had failed to meet criteria (iii) and (viii). *Id.* After Lin's second response, USCIS issued a new denial, this time finding that Lin had failed to meet her initial burden to demonstrate, per (iii), evidence of published material about her in professional or major trade publications or major media; and per (viii), performance of a leading or critical role for organizations or establishments that have a distinguished reputation. *Id.* at 14. Lin challenges this second denial. First Am. Compl. ¶¶ 215-224.

    iv.    <u>Mu Jiang</u>

Plaintiff Mu Jiang is a Chinese citizen who won multiple awards for modelling between 2000 and 2017 and has been invited to judge multiple model competitions throughout the same period. Mu MSJ at 5. He filed an I-140 petition on November 8, 2017, seeking classification as an alien of extraordinarily ability in the field of modelling. *Id.* at 4. He sought an E1-B visa based on the following five criteria:

(i)     receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(ii)    documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

> (iii) published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
>
> (iv) evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought; and
>
> (viii) evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation.

*Id.* at 4.

USCIS issued an RFE on November 20, 2017, requesting additional documentation showing that Mu met the regulatory criteria, and that he intended to continue work in the United States. First Am. Compl. ¶ 258. Mu responded in January of 2018, and USCIS denied his petition in February, finding that Mu satisfied criteria (i), (iii), and (iv), but failed to demonstrate that he was still working as a model, had received acclaim as a model, had any prearranged commitments to work as a model in the United States, or that his entry would benefit the United States. Mu MSJ at 8-9.

Rather than appeal or seek to reopen, Mu filed a new petition with "much of the same evidence," though supplemented with information about his work with two model associations, "comparable evidence" that he is considered a supermodel in China, his intent to continue working in the United States, and that he would benefit the United States through his entry. *Id.* at 9. USCIS again denied his petition after an RFE and response, finding that he had only satisfied regulatory criterion (iv). *Id.* at 10.

    v.    <u>Defendants</u>

Defendants are DHS Secretary Alejandro Mayorkas, USCIS Director Ur Jaddou, and USCIS Nebraska Service Center Director Gerald Heinaur, all sued in their official capacities, as well as USCIS itself. First Am. Compl. ¶¶ 8-11, 13.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56, which governs summary judgment, operates differently in an APA case. Instead of considering whether there are genuine disputes of material fact, the district court "sits as an appellate tribunal." *Am. Bioscience Inc., v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "The entire case on review is a question of law," and the court should only consider "arguments about the legal conclusion to be drawn about the agency action." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). This review is, therefore, based on "the administrative record already in existence" at the time of the agency action. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam).

Under the APA, a reviewing court must hold unlawful and set aside agency actions, findings, and conclusions that are arbitrary and capricious. 5 U.S.C. § 706(2)(A); *see also Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). This is a "narrow" standard of review; the court assesses if the agency "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

In doing so, the court is "highly deferential" and "presumes agency action to be valid." *Defs. of Wildlife & Ctr. for Biological Diversity v. Jewell*, 815 F.3d 1, 9 (D.C. Cir. 2016) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 997–98 (D.C. Cir. 2008)). The court should, therefore, take care not to "substitute its own judgment for that of the agency." *State Farm*, 463 U.S. at 43. Instead, it should uphold agency action "if the agency's path may reasonably be discerned," even if the decision is not fully explained. *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974). If a court cannot evaluate the

challenged agency action on the basis of the record before it, "the proper course . . . is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

### III.   ANALYSIS

#### A. Gu Yu

Gu challenges the denial of his motion to reopen, arguing that he demonstrated criterion (viii): that he "performed in a leading or critical role for organizations or establishments that have a distinguished reputation." He also argues that USCIS failed to consider that he had demonstrated his intent to continue working in his area of expertise if his EB-1A visa was granted.

The latter is a stand-alone requirement for an EB-1A visa. USCIS denied Gu's motion to reopen for failure to meet this requirement because his proffered plan to continue work was to "be introduced to the extensive contacts of a few people who are known to him." Dec. 17, 2018 Gu Decision, Gu J.A. at 2. Indeed, Gu's letter challenging his denial listed four contacts—three who teach at universities outside the United States, and one Vice President of a corporation whose provenance is not stated in the record.

Gu argues that his submission on this issue was sufficient, and that USCIS should have accepted his representation that his résumé and contacts are sufficiently "lengthy and impressive . . . to allow Plaintiff to work in the United States as a researcher almost anywhere he wants." Gu MSJ at 38. Defendants do not respond to this argument, instead asserting that USCIS's denial was not arbitrary and capricious, "but in total compliance with the law." Gu Opp. at 10.

The court will not "disturb the decision of an agency that has examine[d] the relevant data and articulate[d] a rational connection between the facts found and the choice made." *Americans for Safe Access v. DEA*, 706 F.3d 438, 449 (D.C. Cir. 2013) (internal citations and

quotation marks omitted).  USCIS has articulated such a rational connection here.  Upon consideration of Gu's proffered professional contacts, USCIS concluded that he had not provided "clear evidence" that he would be coming to the United States to "continue work in the area of expertise."  8 C.F.R. § 204.5(h)(5).  Gu offers no legal authority to support his argument that USCIS' decision was erroneous or otherwise arbitrary and capricious; he simply maintains that USCIS should have taken his word that he would find work in his area of expertise.

The court does not find USCIS' decision to be arbitrary and capricious or otherwise a violation of the APA; it will therefore deny Gu's motion for summary judgment and grant Defendants' motion for summary judgment as to this claim.

### B. Zhao Tingting

Zhao Tingting claims USCIS' denial of her I-140 petition because she failed to demonstrate evidence of a one-time achievement, or lesser nationally or internationally recognized prizes or awards for excellence, was arbitrary and capricious.  Zhao MSJ at 1, 12-14.

Zhao claims that winning Miss World China 2005 is a qualifying "one-time achievement" that would alone merit an EB-1A visa.  But the regulations contemplate "a major, international recognized award."  8 C.F.R. § 204.5(h)(3).  Congress intended that this category would be limited to those at the global pinnacle of their profession, specifically referring to the Nobel Prize as an exemplar of a qualifying one-time achievement.  H.R. Rep. No. 101-723 *supra* § A Statutory and Regulatory Framework.  USCIS, in denying Zhao's petition, explained that this category is reserved for the highest form of internationally recognized achievements, citing "the Pulitzer Prize, the Academy Award, and . . . an Olympic Medal," as other possible one-time achievements.  Nov. 28, 2018 Zhao Decision, Zhao J.A. at 3, .

Zhao argues that the Miss World competition is an immensely popular global event that draws billions of viewers each year.  Zhao MSJ at 18.  That may be true.  And it may be that

winning the title of Miss World itself could be a major, internationally recognized achievement worth of an EB-1A visa. But, as Zhao admits, the Miss World China contest is only a qualifying event for Miss World. *Id.* at 4. And Zhao provides no evidence that winning Miss World China is itself that sort of major, internationally recognized achievement.

To be clear, the court is not tasked with deciding "[w]hich of humanity's thousands of other awards [beyond the Nobel] qualify as major international awards." *Visinscaia*, 4 F. Supp. 3d at 133 (quoting *Rijal v. U.S. Citizenship & Immigr. Servs.*, 772 F. Supp. 2d 1339, 1345 (W.D. Wash. 2011), *affirmatively adopted by* 683 F.3d 1030 (9th Cir. 2012)). Instead, it need only ensure that "USCIS considered the relevant factors and articulated a rational connection between the facts it found and the choice it made." *Id.* (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43).

The record indicates that USCIS drew a clear connection between Congressional intent and the plain text of the applicable regulation to Zhao's petition. Nov. 28, 2018 Zhao Decision, Zhao J.A. at 3. The court will therefore deny Zhao's motion for summary judgment as to her one-time achievement claim, and grant Defendants' cross-motion for summary judgment on that claim.

Zhao also challenges USCIS's denial of her claim under criterion (i), arguing that winning Miss World China in 2005 and the New Silk Road Model Look Competition in 2002 were sufficient evidence of lesser nationally or internationally recognized awards. Zhao MSJ at 10. USCIS denied these claims, however, because it was unclear from the record "how contestants were selected for" Miss World China in 2005. Nov. 28, 2018 Zhao Decision, Zhao J.A. at 4.

As a preliminary matter, it appears from the record that Zhao only argued and provided evidence supporting her claim that Miss World China 2005 was sufficient to meet the "one-time achievement" requirement.  Nov. 8, 2018 Zhao Resp. to RFE, Zhao J.A. at 148.  It was therefore appropriate for USCIS to only analyze Miss World China 2005 for criterion (i).

Zhao challenges USCIS' decision as arbitrary and capricious for failing to "consider voluminous evidence in the record" about Miss World China 2005.  In its RFE, USCIS provided a list of seven factors that would help establish that either award would qualify, including what criteria was used to give the awards, media coverage of the awards, the selection pool for the awards, how many are awarded each year, etc. Aug. 15, 2018 RFE, Zhao J.A. at 144.  Zhao only responded to two, proffering evidence that Miss World China recruited entrants from university campuses throughout China and many newspaper articles about Zhao winning the contest. *See, e.g.*, *Conversations with Miss China ZHAO Tingting who comes from Shanxi*, Sina News, Zhao J.A. at 78-79.

That evidence fell short of what USCIS requested.  Zhao was given a list of seven factors that could help establish that Miss World China 2005 was a lesser nationally or internationally recognized prize.  While she provided information about how contestants are sought, and that the awards garnered national coverage in China, USCIS is correct that she did not produce evidence—even after being informed it was needed—regarding the criteria used to give the prizes or awards, the reputation of the organization granting the prizes or awards, how many prizes or awards are awarded each year, previous winners who enjoy national or international acclaim, and/or how prizes or awards are given for excellence in the beneficiary's field.

In denying Zhao's I-140 petition, USCIS appropriately considered the evidence that Zhao provided, both as part of her initial request and as part of her response to USCIS's specific

request for further information as to criterion (i).  The court therefore finds that Zhao's denial was not arbitrary and capricious and will deny Zhao's motion and grant Defendant's cross-motion for summary judgment as to Zhao's claims.

## C. Lin Jia Ru

Lin Jia Ru challenges the denial of her motion to reopen her I-140 petition denial on regulatory criteria (iii) ("evidence of published material about her in professional or major trade publications or major media;"), and (viii) ("performed in a leading or critical role for organizations or establishments that have a distinguished reputation.").  Lin MSJ 16, 27-28.

USCIS found that Lin did not meet the requirements of criterion (viii), because she failed to show how her roles were "leading or critical to [her employer,] Tom Ford Beauty *as a whole*."  May 4, 2020 Lin Decision, Lin J.A. at 5, ECF No. 50-3. (emphasis added).  But Lin contends that this is not the standard, and that USCIS has inappropriately added an extra requirement to criterion (viii).  Lin MSJ at 19.  In support, Lin offers two cases from the Southern District of New York rejecting the "as a whole" addition.  *See Rubin v. Miller*, 478 F. Supp. 3d 499, 507 (S.D.N.Y. 2020) (finding that neither the USCIS policy manual "nor case law imposes any such requirement"); *Chursov v. Miller*, No. 18-cv-02886, 2019 WL 2085199 (S.D.N.Y. 2019).

Defendants argue that *Rubin* and *Chursov* were "wrongly decided" and are unpersuasive because both decisions were "out-of-Circuit district court cases."  Defendants proffer their own "out-of-Circuit district court cases" to support USCIS' position that a petitioner must play a critical or leading role in an organization "as a whole."  Lin Opp. at 13 (quoting *Noroozi v. Napolitano*, 905 F. Supp. 2d 535, 544 (S.D.N.Y. 2012); *Yasar v. Dep't of Homeland Sec.*, No. 05-cv-2448, 2006 WL 778623 at *12 (S.D. Tex. Mar. 24, 2006)).

This inconsistency regarding the applicable standard is also apparent from the record.  USCIS first found that Lin had met criterion (viii), and then subsequently decided that she had

not.  *Compare* July 3, 2019 Lin Decision, Lin J.A. at 39 (finding that Lin "has provided sufficient documentation to establish" that she "has met ***the plain language*** of" criterion (viii)") (emphasis in original) *with* May 4, 2020 Lin Decision, Lin J.A. at 8 ("the record lacks evidence that her roles . . . were leading or critical as contemplated by the plain language of the regulations.").

The plain language of the regulation supports Lin's contention.  The regulation asks only if the petitioner has performed in a "leading or critical role;" it imposes no requirement that it be in the organization "as a whole."  The USCIS policy manual provides further guidance for what is a "critical or leading role," instructing USCIS officers to consider a petitioner's title and duties or if their work was of "significant importance to the outcome of the organization or establishment's activities."  Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the *Adjudicator's Field Manual (AFM)* Chapter 33.3, *AFM Update* AD11-14, Gu J.A. at 16 (describing types of "[e]vidence that the alien has performed in a leading or critical role for organizations.").  Nowhere in the text of the regulation, nor the policy manual used to apply it, is there any requirement that a petitioner play a critical or leading role in the organization as a whole.

This conclusion comports with USCIS' own recently released Policy Alert advising its officers that "a person may satisfy the leading or critical role criterion through a qualifying role for a distinguished department or division in addition to an entire organization or establishment." Policy Alert, *Qualifying Published Material and Scope of Leading or Critical Role in Extraordinary Ability and Outstanding Professor or Researcher Visa Classifications*, PA-2022-

12, USCIS (Mar. 23, 2022), available at https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20220323-ExtraordinaryAbility.pdf.[1]

USCIS's unilateral imposition of the "as a whole" requirement—a prerequisite that appears nowhere in statute, regulation, or the USCIS manual—is arbitrary and capricious and violates the APA. *See Kazarian*, 596 F.3d at 1122 (citing *Love Korean Church v. Chertoff*, 549 F.3d 749, 758 (9th Cir. 2008)) (USCIS "may not unilaterally impose a novel evidentiary requirement" when considering the § 204.5(h)(3) criteria). *Cf. Rubin*, 478 F. Supp. 3d at 507 (finding the "as a whole" requirement to be an abuse of discretion"); *Chursov*, 2019 WL 2085199 at *5 (same). Moreover, its application of that requirement—which resulted in contradictory results for Lin's visa petitions—may also be arbitrary and capricious. *Cf. Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016) (an "unexplained inconsistency" may render agency action "arbitrary and capricious") (internal citation and quotation marks omitted).

The court therefore will remand Lin's criterion (viii) claims to USCIS for further factfinding under the standard set forth in 8 C.F.R. § 204.5(h)(3)(viii). The court will not address her criterion (iii) claim because she has already prevailed on two other regulatory criteria. Because success on criterion (viii) following remand would trigger a final merits determination and further agency action independent of the court's decision on criterion (iii), the court will—in the interest of judicial economy—decline to evaluate it. It will therefore partially grant and partially deny Lin's motion for a summary judgment and deny Defendants' cross-motion for summary judgment without prejudice.

---

[1] The court takes judicial notice of USCIS's Policy Alert. *See Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (citing *Cannon v. District of Columbia,* 717 F.3d 200, 205 n. 2 (D.C.Cir.2013)) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.").

### D. Mu Jiang

Mu Jiang challenges his two I-140 petition denials as arbitrary and capricious because his first denial found he had met certain criteria while his second denial found he had not met the same criteria. In response to the latter argument, Defendants assert that Mu's challenge to his first denial is not properly before the court because Mu chose to file a new I-140 petition, rather than appeal that denial. Defs.' Cross-Mot. for Summ. J. and Opp to Mu's MSJ ("Mu Opp.") at 2, ECF No. 42. They therefore argue that the first denial is not a "final agency action" and therefore not reviewable by this court. *See* 5 U.S.C. § 704. Mu observes—as does the court—that Defendants offer no caselaw to support that argument, and he argues that the two denials are, in fact, two separate agency actions. Mu's Resp. to Mu Opp. at 1-2, ECF No. 47.

The court agrees. An I-140 petition denial is a final agency action because it marks the end of USCIS's decision-making process as to an individual petitioner. It is the action by which rights, obligations, or legal consequences will flow, and not a "tentative or interlocutory" decision. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (describing the "two conditions" that "must be satisfied for agency action to be 'final'") (internal citations and quotation marks omitted). An I-140 petition denial is therefore a reviewable final agency action unless a petitioner makes it "tentative or interlocutory" by appealing or moving to reopen that denial. *See Amponsah v. Barr*, No. 20-cv-4639, 2020 WL 7327699 at *2 (N.D. Ill. Dec. 11, 2020) (quoting *U.S. Army Corp. of Eng'r v. Hawkes Co., Inc.*, 578 U.S. 590, 597 (2016) ("Because the adjudication has been re-opened and the prior decision vacated, the decision that Amponsah is challenging no longer marks 'the consummation of the agency's decisionmaking process,' and no legal consequences will flow from the prior decisions."). A second petition, however, has no bearing on the legal status of the first, and does not make it "tentative or interlocutory." It has no

impact on whether the first was itself final agency action, and the court may therefore review both Mu's petitions.

In denying Mu's first petition, USCIS found that Mu met criteria (i), (iii), and (iv), entitling him to a final merits determination. In denying Mu's second petition, however, USCIS found that Mu failed to meet criteria (i), (ii), (iii), and consequently denied him a final merits determination. Mu argues that this failure to explain, or even address the change in outcome between the first and the second denial is arbitrary and capricious. Mu MSJ at 10-11. Defendants do not substantively address this argument, instead accusing Mu of arguing "from both sides of his mouth" for challenging the second denial despite admitting that he had submitted new evidence with his second petition. Mu Opp. at 8.

"As a general matter, an agency cannot treat similarly situated entities differently unless it 'supports the disparate treatment with a reasoned explanation and substantial evidence in the record.'" *Lilliputian Sys. Inc. v. Pipeline and Hazardous Materials Safety Admin.*, 741 F.3d 1309, 1313 (D.C. Cir. 2014) (quoting *Burlington N. & Santa Fe Ry. Co. v. Surface Transp. Bd.,* 403 F.3d 771, 777 (D.C.Cir.2005) (cleaned up)). Such treatment, absent that explanation and evidence, is arbitrary and capricious. *Burlington N.*, 403 F.3d at 777 (internal citations omitted).

Mu submitted two petitions, and he points out that his second petition contained largely the same evidence as the first, only adding clarifying information responsive to the first denial. Mu MSJ at 19-20. Moreover, USCIS was on notice of the first denial—it was issued by the same agency, and Mu included it in response to the RFE regarding his second petition. *Id.* at 10. But nowhere in the record of the second denial does USCIS address the disparity between how it

treated criteria (i) and (iii). The agency's failure to do so is arbitrary and capricious, and the court will remand Mu's second denial for further factfinding on this issue.

The court will therefore partially grant Mu's motion for summary judgment as it pertains to the second denial and deny Defendants' cross-motion. As with Zhao's motion, the court declines to address the remaining claims as to the first denial, because success as to criteria (i) and (iii) would trigger a final merits determination and further agency action independent of the court's decision.

E. <u>Leave to Amend and other Procedural Issues</u>

Gu's motion for summary judgment included a motion for leave to amend his complaint to include information regarding the denial of his motion to reopen. While Defendants do not object to this motion, the court will deny it without prejudice for failure to comply with Local Civil Rule 7(i), which requires that a motion for leave to file an amended pleading be accompanied by a copy of the proposed pleading as amended (clean and in redline form). Plaintiffs may seek leave to refile an amended complaint in compliance with the Local Civil Rules. Plaintiffs are further reminded of Local Civil Rule 7(c), requiring that "each motion . . . shall be accompanied by a proposed order."

Finally, to the extent that any renewed motions for summary judgment will be filed, the parties are instructed to refile their Joint Appendix with clearly noted exhibit numbers, for ease and clarity of review.

## IV. CONCLUSION

For the reasons explained herein, the court will **DENY** Gu and Zhao's motions and **GRANT in part and DENY in part** Lin and Mu's motions. The court will **GRANT** Defendants' cross-motions as to Gu and Zhao and **DENY** the cross-motions as to Lin and Mu. The court will also **DENY** Gu's motion for leave to amend.

The parties will be ordered to meet and confer and propose a mutually agreeable course of action for this case moving forward. In the meantime, the case will be administratively closed. Any motion to return this case to the active docket should be filed as a separate motion and comply with the Local Civil Rules of this court.

Date: September 26, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge